ROY v. BORDAS.

1. PLEADING—DECLARATION—IMMATERIAL AVERMENT — VARIANCE
—EFFECT.

In an action for damages for a fraudulent conspiracy, of which
the organization of a corporation under Act No. 232, Pub.
Acts 1903, is alleged to have been a necessary step, an aver-
ment in the declaration that the articles of incorporation
were made and executed "under oath" is an immaterial one,
there being no provision in the statute for executing articles
under oath, and articles conforming otherwise in their legal
effect to the averments of the declaration are admissible in
evidence, though they do not appear to have been executed
under oath.

2. FRAUD — CONSPIRACY — ORGANIZATION OF CORPORATION — EVI-
DENCE—ADMISSIBILITY—ARTICLES OF INCORPORATION.

A declaration claiming damages for inducing plaintiff by
means of a fraudulent conspiracy to invest money in worth-
less stock of a corporation, averring that the formation of
said corporation and the execution of its articles was a neces-
sary step in the scheme of fraud by which plaintiff was victim-
ized, is not based upon the false representation contained in
the articles of incorporation, but upon the fraud of which
the execution of the articles was a preliminary but necessary
step, and the articles are admissible in evidence under the
declaration irrespective of whether an action could be
maintained upon a false statement in such articles.

3. TRIAL—RECEPTION OF EVIDENCE—RULINGS—REJECTION OF EVI-
DENCE—GROUNDS.

Where a ruling rejecting articles of incorporation offered in
evidence is based upon a variance between the articles offered
and those described in the declaration, a contention on error
that the exclusion of the articles was not erroneous, because
they were not admissible until plaintiff had by other evidence
prima facie established the conspiracy declared upon, is un-
tenable, since, under the ruling, plaintiff had no right at any
stage of the trial to introduce the articles in evidence, and
the court could not affirm the judgment without holding that
plaintiff had no such right.

Error to Houghton; Streeter, J.   Submitted June 11, 1907.   (Docket No. 78.)   Decided December 10, 1907.

Case by Sophie Roy against Edward P. Bordas, Joseph Bosch, John H. Wilson, George W. Orr, and Norbert Sarazin for fraud.   There was judgment for defendants on a verdict directed by the court, and plaintiff brings error.   Reversed.

*Joseph F. Hambitzer*, for appellant.

*W. P. Belden*, for appellee Bordas.

*Chadbourne & Rees*, for appellees Bosch and Sarazin.

*W. E. Gray*, for appellees Wilson and Orr.

CARPENTER, J.   Plaintiff in this suit seeks to recover damages because, as she alleges, she was induced by a fraudulent conspiracy of defendants to invest $1,000 in worthless stock of a corporation called "The Cor-Ago Company."   According to the averments of the declaration, the formation of said corporation was a necessary step in the scheme of fraud by which plaintiff was victimized, and it is therein charged that said corporation was organized "under Act No. 232 of the Public Acts for the State of Michigan for the year 1903, for the purpose of manufacturing various medicines and preparations, and * * * said defendants made and executed under oath " its articles of incorporation.   To this declaration defendants pleaded the general issue.

The cause came on to be tried before the circuit judge and a jury.   After plaintiff had introduced in evidence said articles of incorporation, which were duly *acknowledged* before a notary public as required by the act of incorporation, the trial judge struck them from the record on the ground that as they were not executed under oath there was a variance between them and their description in the declaration.   He then denied a motion of plaintiff to amend said declaration by striking out the words

"under oath" and in consequence of this ruling a verdict was directed in favor of defendants. Was this ruling correct?

Act No. 232 of the Public Acts of 1903, under which the corporation was organized, contains no provision for executing the articles under oath, and had they been so executed that oath could have been given no effect. *Beecher* v. *Anderson*, 45 Mich. 543. The averment that the articles were executed under oath was, therefore, an immaterial one. The legal effect of the articles conformed precisely to their description, and, therefore, there was no variance. The rule is correctly stated in 9 Cyc. p. 751, as follows:

"Where the declaration  *  *  *  purports to set out an instrument according to its substance and legal effect, it is ordinarily sufficient if the instrument proved and the one alleged correspond in all essential particulars."

Defendants contend, however, that the ruling excluding the articles was not erroneous because, for other reasons than that of variance, they were inadmissible. This contention requires us to consider such other reasons. The first of those reasons is this, viz., that plaintiff can base no right of action upon a false statement in said articles, because "the articles were not intended for the public, but only for a specific purpose and that the public nor any individual had any right to rely on the statement contained therein." Whether or not this is correct as an abstract proposition, we will not undertake to say. It is sufficient to say that it assumes that plaintiff's right of action is based on a false representation contained in said articles of incorporation, and that such assumption is unfounded. Plaintiff does not base her right of action upon a false statement in said articles. Her claim is that the execution of the articles was a preliminary but an essential step in a scheme of fraud consummated by other steps subsequently taken. In this respect the case is not unlike *Bush* v. *Sprague*, 51 Mich. 41, and *McDonald* v. *Smith*,

139 Mich. 211, and under the rule applied in those cases the articles were admissible in evidence.

The second of those other reasons is this, viz., that the articles were not admissible until plaintiff had by other evidence established a prima facie case of conspiracy. It is a sufficient answer to this objection to say that, under the ruling complained of, plaintiff had no right at any stage of the proceedings to introduce these articles in evidence, and we cannot affirm the judgment of the court below without holding that she had no such right.

Judgment reversed, and a new trial ordered.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.